UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VIVIAN FISHER, individually and as Personal Representative of the Estate of HOWARD LEROY FISHER, deceased; and on behalf of CONNIE MCKIRDY, ROY FISHER, DENISE EVANS, and SCOTT FISHER,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CASE NO. C09-5146BHS<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING LIABILITY |

This matter comes before the Court on Plaintiffs' (collectively "Fisher") unopposed motion for partial summary judgment on the issue of liability (Dkt. 22). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This is a negligent driving case arising out of the death of Howard Leroy Fisher ("Mr. Fisher"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1346(b)(1) (United States as party). On July 26, 2010, Fisher moved the Court to grant partial summary judgment on the issue of liability. Dkt. 22. On August 10, 2010, the Defendant ("United States") responded but did not oppose the motion. Dkt. 24.

## II. DISCUSSION

**A.     Summary Judgment Standard**

Partial summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**B.     Fisher's Partial Summary Judgment Motion**

The parties do not dispute whether Mr. Fisher's death resulted from the negligent driving of the person operating the VA van in which Mr. Fisher was riding on the day of the accident in question. *Compare* Dkt. 22 with Dkt. 24. The parties agree that the United States is liable for the death of Mr. Fisher and that partial summary judgment on this issue is proper. *Id*. The parties also agree that the issue of damages should be reserved for trial. *Id*.

Therefore, with no material question of fact present regarding liability, the Court concludes that the United States is liable for the death of Mr. Fisher but that the issue of damages is reserved.

### III. ORDER

Therefore, it is hereby **ORDERED** that Fisher's motion for partial summary judgment on the issue of liability (Dkt. 22) is **GRANTED** as discussed herein.

DATED this 25th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3