UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| VIVIAN FISHER, individually and as Personal Representative of the Estate of HOWARD LEROY FISHER, deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. C09-5146BHS<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |

This matter comes before the Court on Plaintiffs' complaint seeking relief for the wrongful death of Howard Leroy Fisher ("Mr. Fisher"). Having considered the evidence brought before the Court during a two-day bench trial, the oral argument presented by the parties at the close of trial, and the parties' post-trial submissions in support of their respective positions on the award amount, the Court concludes that the total award in this case is **$1.9 million** plus the economic loss to Mr. Fisher's estate yet to be defined as discussed below.

This case involves an incident that occurred on April 27, 2007, in which Mr. Fisher was killed in an automobile accident when the driver of a Veterans Affairs van in which Mr. Fisher was riding struck a tree on the side of the road.

ORDER – 1

# I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.     Findings of Fact**

1. Mr. Fisher was born on February 27, 1939 in North Platte, Nebraska. He graduated from high school and in 1959 enlisted in the United States Navy. Mr. Fisher served aboard the destroyer USS James E. Kyes until 1963, when he was honorably discharged from the Navy.

2. After his discharge from the Navy, Mr. Fisher moved to Yamhill, Oregon, where he met and later married Vivian Ann Wilbur on June 12, 1964. The Fishers remained married until Mr. Fisher's death on April 27, 2007.

3. Shortly after their marriage, the Fishers moved to Port Angeles, Washington, where they settled and raised their four children, Connie, Roy, Denise, and Scott.

4. Mr. Fisher's life ended prematurely. He was killed when the driver of the Veterans Affairs van in which he was a passenger left westbound U.S. 101 outside of Port Angeles and struck a tree at a high rate of speed.

5. Mr. Fisher suffered blunt force trauma to his head and was rendered unconscious by the collision; he experienced no pain between that moment and his death.

6. Mr. Fisher is survived by his wife, Vivian, and the couple's four children, all of whom are plaintiffs herein.

7. Mr. Fisher was a supportive, loving, and caring husband throughout the couple's 43 years of marriage. Mr. and Mrs. Fisher were never separated.

8. Mr. Fisher was a good father who had strong relationships with each of his children. Mr. Fisher had an especially strong relationship with his son Scott who was living on Mr. and Mrs. Fisher's property at the time Mr. Fisher died.

9. As a result of Mr. Fisher's sudden and untimely death, Vivian Fisher lost her husband and best friend and has suffered a substantial and overwhelming loss. Mr. Fisher's children, Connie McKirdy, Roy Fisher, and Denise Evans, have suffered a substantial loss resulting from the death of their father. The Court finds that Mr. Fisher's

ORDER – 2

son Scott Fisher suffered an especially difficult loss considering the extraordinary bond he shared with his father.

10. Mr. Fisher was not earning an income at the time of his death but he did receive Social Security payments.

11. The Government paid for Mr. Fisher's medical expenses submitted for payment and Mr. Fisher's funeral and memorial expenses.

12. Mr. Fisher was an extraordinary, active man throughout his life and brought great joy to his family and devoted wife. He was, in short, an extraordinary husband, father, and grandfather. The premature loss to any family of one who fills these roles is a devastating one. In the case of the Fisher family that description seems wholly inadequate to describe the tragedy that befell them on the 27th day of April, 2007.

**B.     Conclusions of Law**

1. Vivian Fisher is entitled to damages for the loss of the fellowship of her husband and his company, cooperation, and aid in the matrimonial relationship, including emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from one spouse to the other. Having considered judicial awards and verdicts rendered in similar cases, the Court concludes that Vivian Fisher's damages for the loss of her husband are **$1.25 million**.

2. The Court concludes that while the opinion testimony of Plaintiffs' expert witness Robert Moss was somewhat helpful, it failed to take into account the extent to which the services were likely to diminish over time due to Mr. Fisher's likely declining health as he aged. The Court does not accept the Government's criticism regarding consumption. Plaintiffs' theory is that the lost services to Vivian Fisher can be measured by the value of those services if she were required to hire others to perform them. In any case, the result is that Mr. Moss's testimony contained a level of speculation that rendered his ultimate conclusions unreliable. Even so, the Court concludes that the household services Mr. Fisher provided to his wife were above average for a man of his age at the

1 time of his death and therefore should be and are a component of the general damages
2 awarded above to Vivian Fisher.

3   3. Each of Mr. Fisher's children, Connie McKirdy, Roy Fisher, Denise Evans,
4 and Scott Fisher, are entitled to damages for the loss of the love, care, companionship,
5 and guidance of their father. Having considered judicial awards and verdicts rendered in
6 similar cases, the Court concludes that: Connie McKirdy's damages for the loss of her
7 father are **$150,000**; Roy Fisher's damages for the loss of his father are **$150,000**; Denise
8 Evans's damages for the loss of her father are **$150,000**; and Scott Fisher's damages for
9 the loss of his father are **$200,000**.

10   4. The Court concludes there is insufficient evidence to make an award for
11 pre-death terror to Mr. Fisher's estate and therefore none is made.

12   5. As the Court concluded in its earlier order (Dkt. 57), the Court is not
13 considering the testimony given by the Government's expert witness that Mr. Fisher had a
14 life expectancy of 6.4 years at the time he died. The Court concludes there is insufficient
15 evidence to deviate from the standard life expectancy that applies to Mr. Fisher (that of an
16 adult male 68.2 years of age) of an additional 14.3 years of life. Therefore, the Court
17 concludes that Mr. Fisher's estate suffered economic loss damages in an amount that may
18 be calculated by the application of the methodology employed by the Government's
19 expert witness Peter Nickerson, assuming Mr. Fisher had a life expectancy of 14.3 years.

## II. ORDER

Therefore, it is hereby **ORDERED** that partial summary judgment be entered against the Government and damages awarded as follows:

(1) Vivian Fisher: **$1.25 million**
(2) Connie McKirdy: **$150,000**
(3) Roy Fisher: **$150,000**
(4) Denise Evans: **$150,000**
(5) Scott Fisher: **$200,000**

ORDER – 4

1  The Court further **ORDERS** that the parties file, on or before **October 15, 2010,** a
2  joint submission as to the correct calculation of the estate of Mr. Fisher's economic losses
3  in accordance with the findings of fact and conclusions of law stated above.  If the parties
4  are unable to agree on the correct calculation, each party is to submit a brief on the issue
5  on or before **October 15, 2010**.

DATED this 1st day of October, 2010.

/s/ Benjamin H. Settle
BENJAMIN H. SETTLE
United States District Judge

ORDER – 5